FEIST v. WEINGARTEN BROS., Inc.

(Supreme Court, Appellate Term. June 30, 1908.)

1. MOTIONS—ORDERS—CONFLICT—PRACTICE TO CORRECT — RESETTLEMENT — VACATING.
    Where two conflicting orders were entered on the hearing at the same time of a demurrer and a motion for leave to withdraw it, in a cause, each party preparing one and the judge signing both, the proper practice was not to move to resettle the orders, but to move to vacate the order not in accordance with the court's decision.

2. SAME—ORDER TO RESETTLE—VALIDITY.
    Though a motion to resettle is not the proper practice to correct an error in entering two conflicting orders on the same decision, still an order entered pursuant thereto is not invalid, where it is entered upon notice of motion properly given.

3. SAME—NOTICE OF MOTION—TIME—STATUTORY PROVISIONS.
    Under Code Civ. Proc. § 3161, requiring that notice of motions in the New York City Court, with certain exceptions, must be not less than four days, the granting of an order upon notice of motion of but one day, not

within any of the exceptions, was erroneous, where the party opposing the granting of the order pointed out the defect to the court.

4. SAME—RESETTLED ORDER.
    A resettled order takes the place of the original order.

5. APPEAL AND ERROR—DISMISSAL—GROUNDS—ENTRY OF SUBSEQUENT JUDGMENT.
    The fact that, subsequent to the entry of orders affecting the substantial rights of a party, an interlocutory and a final judgment based on such orders were entered, did not deprive the party injured by the orders of the right to have their validity reviewed, and hence was not ground for dismissal of an appeal from the orders.

Appeal from City Court of New York, Special Term.

Action by Solomon Feist against Weingarten Bros., Incorporated. From two orders and a final judgment of the City Court of the city of New York, plaintiff appeals. On motion to dismiss appeals. Orders and judgment reversed, and motion to dismiss appeals denied.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

William Paul Bucherr (Lowen E. Ginn, of counsel), for appellant. Frederick E. Goldsmith, for respondent.

GILDERSLEEVE, P. J.   These appeals are from two orders of the City Court and also from a final judgment. A consideration of the first order determines all of these appeals. That was an order denying the defendant's motion to set aside as irregular an order entered by the plaintiff in the City Court on March 26, 1908. The history of the case, by reason of the various motions made and orders entered by the attorneys for the respective parties, is somewhat complicated, but is substantially as follows:

The plaintiff brought this action to recover under an alleged contract made with the defendant, employing the plaintiff as a salesman on commission. The defendant interposed a demurrer to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action. The issue of law thus created was noticed for trial, and for the same day of the hearing the defendant had noticed a motion for leave to withdraw his demurrer and to be permitted to serve an answer. The trial of the demurrer and the hearing upon the motion were had and submitted to the court for decision at the same time. Thereafter there appeared in the Law Journal the following notices:

"Feist v. Weingarten Bros. Motion will be granted and defendant allowed to serve an answer within five days, on payment of the costs of an issue of law, together with $10 costs of this motion; otherwise, motion denied, with costs, and demurrer overruled, with costs."

"Feist v. Weingarten Bros. Kinniger v. Marcuse. Motions granted, with $10 costs."

Both parties prepared orders; the defendant's order granting his motion for leave to withdraw his demurrer, with $10 costs, and the plaintiff's order in accordance with the first notice above mentioned. It appears that both of those orders were signed and entered. Thereupon the plaintiff on March 25, 1908, served a notice of motion on

the defendant's attorney, returnable on March 26, 1908, at 10 o'clock in the forenoon, stating in said notice of motion that he should apply for a resettlement of the two orders above mentioned, and with this notice of motion served a copy of his proposed resettled order. Upon the hearing of this motion the defendant appeared specially, and objected upon the ground that the notice was contrary to rule 15 of the rules of the City Court, and also upon the ground that the notice of motion was irregular, as being made upon one day's notice only, contrary to the provisions of section 3161 of the Code of Civil Procedure. Other grounds were also urged, but need not be mentioned. The defendant's objections were apparently overruled, and the plaintiff's motion was granted, and his proposed resettled order allowed and entered. This order provided that the other two orders "be vacated and resettled," and that the defendant be permitted to withdraw the demurrer and serve its answer, etc., upon payment of the costs of the issue of law and $10 costs of the motion. Upon failure of the defendant to do so within five days, then the motion for leave to withdraw the demurrer was denied, with $10 costs, and the demurrer overruled, with costs, and "that a decision and interlocutory judgment overruling said demurrer with costs may be entered accordingly."

Thereafter, upon an order to show cause, based upon an affidavit setting forth substantially the same grounds urged against the granting of this order, the defendant moved to vacate said order, which motion was also denied, and from this last-named order denying defendant's motion to vacate the order of March 26, 1908, the defendant has appealed. Pending this appeal, upon failure on the part of the defendant to pay the costs, etc., required by said order of March 26th, the plaintiff entered a decision and an interlocutory judgment overruling the defendant's demurrer, with costs. The defendant thereupon moved to vacate said interlocutory judgment upon the same grounds, substantially, as urged against the entry of the order of March 26th, which motion was denied, and from the order denying this motion defendant appeals. Thereafter, and upon notice, which was opposed by the defendant, an order was granted permitting the plaintiff to enter a final judgment, and from the judgment so entered the defendant has also appealed, bringing up for review the order denying a motion to open his default. The plaintiff at the last term of this court made a motion to dismiss the appeals from the order and the interlocutory judgment taken by the defendant. These motions were ordered to stand over and be heard with the appeals, and they are now before this court.

The plaintiff's motion to resettle the two orders was not the proper practice. He should have moved to vacate the defendant's order, allowing his own order, which was evidently in accordance with the decision of the justice, to stand. This, however, does not impair the validity of the order of March 26th, provided that order was entered upon notice of motion properly given. Section 3161 of the Code of Civil Procedure fixes the time for personal service of certain notices in the City Court, and directs that notices of motions, with cer-

tain exceptions in cases not applicable to the case at bar, must be upon a notice of "not less than four days." This is a statutory requirement, and cannot be evaded or ignored. As we have seen, the notice of motion given by the plaintiff, upon which the resettled order was granted, was a notice of but one day only, and the defendant especially pointed out to the court and the plaintiff this fatal defect. Notwithstanding this, the plaintiff obtained the granting of the resettled order. The resettled order takes the place of the original order. Matter of Peekamose Fishing Club, 5 App. Div. 283, 39 N. Y. Supp. 124. It is clear that upon the validity of this order of March 26th rests the whole of the later proceedings taken by the plaintiff. The court below, upon being informed that but one day's notice of motion had been given, should have dismissed the motion, and had no authority to disregard the plain provisions of the Code, and to grant an order based upon improper and insufficient notice. The defendant's motion to vacate the order of March 26th should have been granted, and all the subsequent motions, orders, and judgment are the outcome of the basic error committed by the denial of the defendant's motion to vacate the aforesaid order.

The motions to dismiss the appeals must also be denied. Those appeals were taken from orders that effect substantial rights, and the fact that subsequently an interlocutory and final judgment was entered cannot deprive the defendant of its right to have the validity of the orders, which were the foundation of such judgments, reviewed.

The order of March 26th is reversed, with $10 costs and disbursements, and the motion to vacate the order granted, with $10 costs. The order denying defendant's motion to vacate the interlocutory judgment is reversed, with $10 costs and disbursements, and the motion granted. The final judgment is reversed, with costs. The motions to dismiss the appeals are denied. Order denying defendant's motion to open his default reversed, and motion granted. All concur.