## FEIST v. WEINGARTEN BROS., Inc.

(Supreme Court, Appellate Term.   March 5, 1909.)

1. APPEAL AND ERROR (§ 1180*)—EFFECT OF REVERSAL.

Plaintiff obtained an order overruling defendant's demurrer, with costs, and at the same time defendant obtained an order allowing him to withdraw the demurrer and to answer on payment of costs to plaintiff; interlocutory judgment to be entered on failure so to do.   A motion to resettle these conflicting orders was granted, and on appeal therefrom was reversed, with costs to defendant, because proper notice of the motion was not given.   Defendant moved to require plaintiff to show which of the conflicting orders was the order of the court, and for a set-off of the costs to defendant against the costs to plaintiff under either of the conflicting orders.   The Special Term vacated defendant's order, and confirmed plaintiff's order, and denied the motion to offset costs.   *Held*, that the order reversing the resettled order could not be considered as vacating either of the conflicting orders, especially since such reversal was not based on the merits, but on the sole ground that the Special Term had no jurisdiction without the statutory notice.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1180.*]

2. APPEAL AND ERROR (§ 882*)—ESTOPPEL.

*Held*, also, that any implied vacation of the conflicting orders was waived by defendant's application to the court to determine which order was in force, and, having decided on defendant's own application that the plaintiff's order should stand, defendant was estopped to allege want of power in the court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3591; Dec. Dig. § 882.*]

3. COSTS (§ 270*)—REVIEW—DISCRETION—OFFSETTING COSTS.

Neither was there such an abuse of discretion in denying defendant's motion to offset costs as to warrant interference by the appellate court.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 270.*]

4. COURTS (§ 190*)—CITY COURTS—CONFLICTING ORDERS—MOTION TO DETERMINE WHICH IS VALID ORDER—DEFENSES.

After an order resettling conflicting orders obtained by plaintiff and defendant, one of which granted leave to defendant to withdraw the demurrer, and the other, plaintiff's order, on hearing of the demurrer, overruling the demurrer and granting leave to answer, was reversed on technical grounds only, a motion was made to determine which of the conflicting orders was the order of the court.   *Held*, that it was not a defense, precluding the court from confirming plaintiff's order and vacating defendant's order, that defendant would be put in default by the granting of plaintiff's order, and hence could not appeal therefrom, since such order could be reviewed on appeal from the interlocutory judgment, if one be entered, or on appeal from the final judgment.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from City Court of New York, Special Term.

Action by Solomon Feist against Weingarten Bros., incorporated. From an order determining which of conflicting orders was the order of the court, defendant appeals.   Affirmed, with leave to comply with its terms.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

William Paul Buchler, for appellant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GILDERSLEEVE, P. J. · The history of this case, up to the time of the making of the motion for the order from which the present appeal is taken, is recited in the opinion given upon a former appeal in this case, reported in 111 N. Y. Supp. 848. After the Appellate Term by its decision reversed the order of March 26, 1908, and granted the defendant's motion to vacate said order, and after the Appellate Term and the Appellate Division had denied the plaintiff's motions for leave to appeal from the Appellate Term decision, the defendant obtained an order requiring the plaintiff to show cause—

"why an order should not be made directing which of said orders of March 24, 1908, shall be deemed the order of this court in the premises, and why an order should not be made offsetting any amount of costs to which plaintiff may be entitled, if any, under either of said orders, against so much of the amount of costs now awarded herein in favor of defendant and against plaintiff."

Upon the hearing of this motion the Special Term of the City Court made an order:

"That defendant's motion to offset costs be denied, and that the defendant's order, submitted and entered on March 24, 1908, be and the same is hereby vacated, and that plaintiff's order, submitted and entered on March 24, 1908, to stand and remain in full force and effect."

From this order the defendant appeals, and urges as ground for its reversal that the order of March 24, 1908, aforesaid, was vacated on plaintiff's own motion, and, the order vacating it having been reversed, such reversal did not reinstate it; also that the order appealed from places defendant in default, and deprives him of a right to appeal therefrom, and that it was an abuse of discretion to deny the defendant's request to offset costs.

Neither of the orders of March 24, 1908, were vacated by any order of the City Court, until the making of the order appealed from, and the order of this court reversing the order of March 26, 1908, did not, in terms, vacate either of said orders of March 24th. Moreover, the decision of this court was not based upon the merits of said order of March 26, 1908, but upon the sole ground that the court below had no jurisdiction to grant such an order upon less than the statutory notice, and any implied vacation of such orders is waived by the defendant's application to the court to determine and declare "which of said orders of March 24, 1908, shall be deemed the order of the court"; and, that court having upon defendant's own motion determined that the plaintiff's order should stand, the defendant is estopped from now saying that the court was without power to so determine. Neither do we think that there was an abuse of discretion in denying defendant's motion to offset the costs as asked for. The plaintiff's order of March 24, 1908, which it is clear that the court originally intended should be the only order entered, permitted the defendant, who had asked leave to do so, to withdraw his demurrer and serve his proposed answer within five days, upon payment of the costs of an issue of law and $10 costs of the motion. Upon failure to do so the motion to withdraw the demurrer was denied, the demurrer overruled, and the plaintiff permitted to enter an interlocutory judgment. These were the usual terms imposed in such cases, and it was solely a matter of discretion as to whether or not

the costs thus imposed should be offset against the costs subsequently obtained by the defendant, and no such abuse of discretion is shown as would warrant our interference under the circumstances.

There is no merit in defendant's claim that he will be precluded from reviewing the order of March 24, 1908, if that be held to be good, as that order can be reviewed either upon an appeal from the interlocutory judgment, if one be entered, or from the final judgment. Lest there be any misunderstanding of its effect, however, the order as entered should be modified by permitting the defendant to comply with the terms of the order of March 24, 1908, if he so desires.

Order affirmed, with $10 costs and disbursements, with leave to defendant to comply with its terms within five days. All concur.